IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 2 9 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. H-05-3252 |
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, NORTH AMERICAN CAPACITY INSURANCE COMPANY, and ROYAL INDEMNITY COMPANY F/K/A ROYAL INSURANCE COMPANY OF AMERICA, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are 1) Motion to Dismiss or, Alternatively, Motion to Transfer or Stay filed by Defendants North American Specialty Insurance Company ("NAS") and North American Capacity Insurance Company ("NAC") (Docket Entry No. 2); 2) Motion to Dismiss or, Alternatively, Motion to Transfer or Stay filed by Defendant Royal Indemnity Company ("Royal") (Docket Entry No. 11); 3) Plaintiff's Motion to Amend (Docket Entry No. 17); and 4) Motion to Dismiss or, Alternatively, Motion to Transfer or Stay Intervenor's Complaint (Docket Entry No. 26).

The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants NAS and NAC's motion to dismiss, to

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 9.

transfer, or to stay the initial action be **DENIED** and that Defendant Royal Indemnity Company's motion to dismiss be **GRANTED**. Plaintiff's motion to amend is **GRANTED IN PART and DENIED IN PART**. Defendants NAS and NAC's motion to dismiss, to transfer, or to stay the intervenor's complaint is not yet ripe for consideration.[2]

### I.  Case Background

This insurance coverage dispute emanates from events that occurred in 2002 at a refinery in California. A year earlier, Valero Refining Company ("Valero") had engaged Encompass Power Services, Inc., ("Encompass") to construct and install a co-generation plant at Valero's refinery. Encompass hired Engineering & Construction Company, Inc., ("ECCO") to perform electrical services. ECCO included Encompass as an additional insured on its general liability policy. During construction of the plant, the refinery experienced power outages and a fire, which caused property damage in the amount of nearly three million dollars. Naturally, this spawned a significant amount of litigation.

Pertinent to this case is an arbitration action filed by Valero against Encompass. The arbitration proceedings began in mid-2003 after Valero and Encompass entered into a partial settlement agreement limiting Valero's right to recover from

---

[2] The motion is based on arguments identical to those discussed herein. Unless new information comes to light, that motion should also be denied. The court foresees no reason that an additional memorandum opinion would be necessary.

2

Encompass (should Encompass be found liable) to the sum total of applicable insurance coverage proceeds.[3] In its arbitration claim, Valero alleged that Encompass negligently designed, engineered, and constructed Valero's California co-generation plant, that Encompass negligently misrepresented its qualifications to perform those services, and that Encompass negligently caused the power outages and the fire.[4] Valero alleged that its damages exceeded forty million dollars.[5]

Plaintiff assumed Encompass's arbitration defense subject to a reservation of rights.[6] In November 2004, Encompass's counsel sent ECCO's counsel a letter demanding indemnification, defense, and insurance coverage for the arbitration claims, particularly those related to the power outages and the fire, which represented more than thirteen million dollars of the damage amount sought by Valero.[7] Approximately six weeks later, Plaintiff's counsel

---

[3] At the time of the agreement, Encompass was in Chapter 11 bankruptcy proceedings, and the bankruptcy court approved the settlement, allowing the arbitration to go forward. See Plaintiff's Opposition to Defendant Royal's Motion to Dismiss, Transfer or Stay ("Plaintiff's Opposition"), Docket Entry No. 19, Ex. B, Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 Authorizing and Approving Settlement and Compromise with Valero Refining Company-California.

[4] See Defendants NAS and NAC's Table of Contents of Exhibits in Support of Motion to Dismiss or, Alternatively, Motion to Transfer or Stay ("Defendants' Exhibits"), Docket Entry No. 4, Ex. 1-A, Third Amended Statement of Claim.

[5] Id.

[6] Id. at Ex. 1-D, letter from Laura J. Grabouski to NAS Insurance Group and Royal & SunAlliance USA dated Dec. 17, 2004.

[7] See Plaintiff's Opposition, Docket Entry No. 19, Ex. G, letter from David C. Kent to Daniel F. Sullivan dated Nov. 4, 2004.

tendered the defense of Encompass to Defendants NAS and Royal, as carriers of the primary and excess insurance policies that named Encompass an additional insured.[8] The earliest responsive correspondence in the record is a letter dated June 8, 2005, denying NAC's obligations to defend or indemnify Encompass.[9] A subsequent letter more fully explained NAC's position that the NAC policy afforded no coverage for the claims asserted by Valero and, thus, NAC had no duty to defend or indemnify Encompass.[10]

In June 2005, Encompass filed an action in Texas to compel ECCO to arbitration.[11] ECCO filed a declaratory and injunctive action in California to avoid the Texas arbitration.[12] The court hearing the Texas case denied Encompass's motion to compel

---

[8] Defendants' Exhibits, Docket Entry No. 4, Ex. 1-D, letter from Laura J. Grabouski to NAS Insurance Group and Royal & SunAlliance USA dated Dec. 17, 2004.

[9] Id. at Ex. 1-E, letter from Charles A. Phillips to Paul J. Van Osselaer dated June 8, 2005.

[10] See Plaintiff's Opposition, Docket Entry No. 19, Ex. I, letter from Jeffrey Y. Greer to David Kent dated Aug. 15, 2005.

[11] See Defendants NAS and NAC's Reply Brief in Support of Motion to Dismiss or, Alternatively, Motion to Transfer or Stay, Docket Entry No. 13, Ex. A, Memorandum and Order. Encompass filed the action in state court, but ECCO removed it to federal court. See id.

[12] Defendants' Exhibits, Docket Entry No. 4, Ex. 3-A, Complaint for Declaratory and Preliminary Injunctive Relief.

arbitration.[13] According to the record, the arbitration proceeded without ECCO.[14]

The litigation frenzy culminated with a race to the courthouse on August 10, 2005, when the parties to this case filed similar declaratory actions within hours of one another. Plaintiff filed this action in Texas state court on the morning of August 10, 2005. Defendant NAC followed that afternoon with its own suit in federal court in California. Both parties filed motions to dismiss, transfer, or stay the respective lawsuits. On December 16, 2005, the California district court stayed Defendant NAC's case pending the outcome of this action.[15]

## II. Plaintiff's Objections to Defendants NAS and NAC's Evidence

Plaintiff objects to certain evidence submitted by Defendants NAS and NAC in support of their motion to dismiss, transfer, or stay. Primarily, Plaintiff complains that several declarations appended to the motion as evidence contain conclusory statements and statements made in the absence of personal knowledge. Because the court's decision does not depend on any improper evidence, the court **OVERRULES** Plaintiff's objections.

---

[13] See Defendants NAS and NAC's Reply Brief in Support of Motion to Dismiss or, Alternatively, Motion to Transfer or Stay, Docket Entry No. 13, Ex. A, Memorandum and Order.

[14] The record indicates that the arbitration hearing was scheduled to begin December 15, 2005. The record does not reflect it occurred as scheduled.

[15] See Plaintiff's Unopposed Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss, Docket Entry No. 27, Attach. 2, Memorandum of Opinion and Order.

**III. Defendants NAS and NAC's Motion to Dismiss, Transfer, or Stay**

Defendants NAS[16] and NAC base their motion exclusively on the assertion that the Eastern District of California, the jurisdiction in which Defendant NAC's declaratory action is pending, is the appropriate court to resolve the parties' coverage disputes. Plaintiff argues that the first-to-file rule supports this court's resolution of the disputes.

Based in principles of comity and sound judicial administration, the first-to-file rule is a discretionary doctrine applicable when substantially similar cases are pending before two federal courts. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The goal for the federal courts is to avoid interfering with each other's affairs, duplicating decisions, and resolving issues in piecemeal fashion. Sutter Corp. v. P&P Indus. 125 F.3d 914, 917 (5th Cir. 1997); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). So, the court of the first-filed action should determine whether the issues of the two cases substantially overlap. See Cadle Co., 174 F.3d at 606; Save Power Ltd., 121 F.3d at 950. If they do, the cases should be consolidated in the jurisdiction of the first-filed action. See Save Power Ltd., 121 F.3d at 950; Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971).

---

[16] According to Defendants NAS and NAC, Defendant NAS never insured ECCO and is improperly joined in this lawsuit. See Defendants' Exhibits, Docket Entry No. 4, Ex. 2, Declaration of Roger Drobinski. However, their motion does not urge dismissal on that basis.

Defendants NAS and NAC do not dispute that Plaintiff filed its case first. Rather, they challenge the assertion that the two lawsuits overlap substantially and assert that Plaintiff filed its suit in anticipation of Defendant NAC's suit in order to select a more favorable forum.

Plaintiff's Original Petition for Declaratory Judgment seeks a declaration that Defendant NAC has a duty to defend Encompass as an additional insured. Plaintiff sued the primary and excess insurers on the relevant policy. In the California lawsuit, Defendant NAC seeks additional declarations, including whether Plaintiff must defend Encompass, whether Columbia Casualty Company (Encompass's professional liability insurer) must defend Encompass, and how to apportion the defense and indemnity obligations among the various insurers. Defendant NAC named three additional parties, Encompass, Columbia, and Zurich, and omitted Defendants NAS and Royal.

The District Court for the Eastern District of California found that the "additional issues would not justify departing from the first-filed doctrine because the core issues of each case are the same and these peripheral concerns can be resolved in the Texas action by joining Columbia."[17] As to the two other additional parties in the California suit, the district court dismissed one

---

[17] Plaintiff's Unopposed Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss, Docket Entry No. 27, Attach. 2, Memorandum of Opinion and Order.

7

and found no significant claims alleged against the third. This court agrees with the California district court that the parties and issues in these cases are similar and that "[t]he point of both cases is to determine whether NAC's contract with ECCO obligates it to defend Encompass in the ongoing arbitration." This court finds that the cases substantially overlap.

As for Defendants NAS and NAC's assertions that Plaintiff acted improperly in filing this lawsuit in anticipation of one to be filed by Defendant NAC, they have presented no evidence that suggests that Plaintiff knew a lawsuit by Defendant NAC was imminent, that Plaintiff misled Defendants NAS and NAC in any way to gain the advantage of first-filed status, or that Plaintiff engaged in any improper forum-shopping. There simply is no evidence of any bad conduct on Plaintiff's part.

Thus, the insurance dispute should proceed in this jurisdiction. All of Defendants NAS and NAC's arguments in support of their motion to dismiss, to transfer, or to stay are based on their opinion that the California lawsuit should take priority.[18] Because the court finds, under the first-filed rule, that this case

---

[18] They argue that the California suit is more comprehensive in scope, both as to parties and claims, than this suit. They also emphasize that NAC issued its policy in California to a California corporation, that Encompass and ECCO entered into their subcontract in California for work on a project in California, and that damage at issue in the underlying suit occurred in California. Although many factors suggest that California would be a convenient venue for trying the underlying negligence action, the action pending before this court is an insurance coverage dispute relating to the insurers' rights and obligations in connection with an arbitration currently proceeding in Houston.

has priority, Defendant NAS and NAC's motion should be denied in its entirety.

### III.  Defendant Royal's Motion to Dismiss

Defendant Royal moves for dismissal from this case due to Plaintiff's failure to state a claim upon which relief can be granted.  Alternatively, it seeks to dismiss, to transfer, or to stay the case in deference to the California action.  Plaintiff responds that it has a justiciable claim for declaratory judgment against Defendant Royal.

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  An actual controversy exists when a claim is ripe, i.e., "where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."  Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000)(internal quotation marks omitted); see also United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000).  A court should not address issues that are premature in that the injury is speculative.  See United Transp. Union, 205 F.3d at 857.

Whether a declaratory judgment action presents an actual controversy is considered on a case-by-case basis. Orix Credit Alliance, Inc., 212 F.3d at 896. District courts have broad discretion in determining whether to hear a declaratory judgment action. See Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998). The party asserting the declaratory judgment action has the burden of proving the existence of an actual controversy. See Orix Credit Alliance, Inc., 212 F.3d at 897.

Defendant Royal argues that Plaintiff's allegation that Defendant "Royal is made a party hereto because its policy may be called upon to step into the role of NAC in providing a defense and because of its following form policy"[19] is insufficient to state a claim. Plaintiff, on the other hand, argues, in addition to taking the position that the action presents a ripe claim for declaratory judgment, that Defendant Royal is an interested party against whom separate litigation would place a hardship on Plaintiff.

Citing Schneider Nat'l Transp. v. Ford Motor Co., 280 F.3d 532, 538 (5th Cir. 2002), Defendant Royal points out that, under the law of a majority of jurisdictions, an excess liability insurer is not obligated to participate in the defense of its insured until

---

[19] See Defendants NAS and NAC's Notice of Removal, Docket Entry No. 1, Ex. 3, Plaintiff's Original Petition. Plaintiff's amended pleading includes similar language: "Royal is made a party hereto because it is an interested party because of its following form policy and because its policy may be called upon to step into the role of NAC in providing a defense . . . . Further, because the Royal Policy follows the form of the NAC Policy, NAC's denial effectively operates as a denial of indemnity pursuant to the Royal Policy." Plaintiff's First Amended Original Complaint, Docket Entry No. 18.

the primary policy limits have been exhausted. The language of the excess insurance policy reflects the same:

> We will have the right to participate in the defense of claims or suits against you seeking damages because of injury to which this insurance may apply. *We will have a duty to defend such claims or suits when the applicable limit of insurance of the 'Underlying Insurance' has been exhausted by payment of judgments, settlements, and any cost or expense subject to such limit.* We may, at our discretion, investigate and settle any claim or suit."[20]

Despite the reasonableness of Plaintiff's position, it has suffered no damage, at this point, which is attributable to Defendant Royal. Plaintiff makes no claim that the underlying coverage limits have been exhausted on Encompass's arbitration defense. The injury to Plaintiff remains too speculative to allow adjudication of the claim against Defendant Royal.[21] Plaintiff's Original Petition for Declaratory Judgment fails to allege the conditions precedent to trigger Defendant Royal's duty to defend and fails to convince the court that those conditions are more likely than not to occur.

---

[20] Defendants' Exhibits, Docket Entry No. 4, Ex. 1-G, Commercial Excess Liability Policy (emphasis added).

[21] The court allowed the permissive intervention of National Fire Insurance Company ("National"), the excess insurer on Encompass's general liability policy. Although National and Defendant Royal are in similar positions, National sought to intervene to protect its interests. That is a different situation from requiring Defendant Royal to participate against its will. Certainly, the outcome of this suit ultimately may have some bearing on Defendant Royal, and the court recognizes the efficiency in adjudicating all related claims against all interrelated parties in a single lawsuit. Nonetheless, Plaintiff's claim against Defendant Royal is not ripe for consideration.

Accordingly, the court finds that Plaintiff's request for declaratory judgment against Defendant Royal is not ripe for consideration. Defendant Royal should be dismissed.

### IV. Plaintiff's Motion for Leave to Amend

On November 9, 2005, Plaintiff moved the court for leave to amend its complaint and submitted a copy of its proposed amended complaint. In its motion for leave, Plaintiff represented that it seeks amendment in order to conform to the pleading requirements of federal court and to "clarify that it seeks declaratory relief pursuant to the Federal Declaratory Judgments [sic] Act and Federal Rules concerning all matters in controversy including Defendants' defense and indemnity obligations."[22] In fact, Plaintiff's new complaint includes additional requests for declarations concerning Defendants NAC and Royal's indemnity obligations, the respective obligations of the parties, and the effect of the subcontract on priority of coverage.

Because Plaintiff added a claim regarding their indemnity obligations, Defendants NAS and NAC object to the amendment. Defendants NAS and NAC argue that the amendment is futile because a claim concerning the duty to indemnify is not ripe for adjudication. To the contrary, the Fifth Circuit allows consideration of such matters in a declaratory judgment action even

---

[22] Plaintiff's Motion for Leave to File First Amended Original Complaint, Docket Entry No. 17.

in the absence of a judgment in the underlying action:

> An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment. The district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment.

Am. States Inc. Co., 133 F.3d at 368 (internal citations omitted).

With that in mind, the court finds no reason to deny Plaintiff leave to amend its pleading. See Fed. R. Civ. P. 15(a) (stating that "leave shall be freely given when justice so requires"). The court will allow the amended pleading except to the extent that it purports to state any claim against Defendant Royal.

### V.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants NAS and NAC's motion to dismiss, to transfer, or to stay the initial action be **DENIED** and that Defendant Royal's motion to dismiss be **GRANTED.** Plaintiff's motion to amend is **GRANTED IN PART and DENIED IN PART**. Based on the first-filed rule, Defendants NAS and NAC's motion to dismiss, to transfer, or to stay Intervenor National's complaint, which is not yet ripe for consideration, also should be denied.

It is further **ORDERED** that the Rule 16 Conference set for January 6, 2006, before the Honorable Sim Lake is cancelled. It will be rescheduled after the court considers this Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil[21] Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, either electronically or by mail to P.O. Box 61010, Houston, Texas, 77208. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of December 2005.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE